UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIL PRASAD, individually, | CASE NO. C11-894-RSM |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | |
| WELLS FARGO BANK, N.A., aka Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., fka Wachovia Mortgage, FSB, fka World Savings Bank, FSB; and REGIONAL TRUSTEE SERVICES CORPORATION, a corporation doing business in Washington, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Remand (Dkt. # 12). Defendants removed this action on May 27, 2011 on the basis of original jurisdiction under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441. Dkt. # 1. Defendant Wells Fargo Bank N.A. ("Wells Fargo") asserts that Plaintiff Anil Prasad is a Washington resident, Defendant Wells Fargo is a citizen of South Dakota, and Defendant Regional Trustee Services

Corporation ("RTSC"), a Washington citizen, is a nominal defendant whose citizenship is ignored for the purposes of diversity citizenship. *Id.* at ¶¶ 3-7. Wells Fargo further alleges that the amount in controversy exceeds $75,000. On June 27, 2011, Mr. Prasad moved to remand to Snohomish County Superior Court arguing that RTSC is not a nominal defendant, its citizenship should be considered, and doing so defeats complete diversity. Dkt. # 12. Mr. Prasad also argues that the amount in controversy is less than $75,000. *Id.* On June 29, 2011, RTSC filed a notice confirming consent to removal. Dkt. # 15.

## II. DISCUSSION

### A. Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district … where such action is pending." 28 U.S.C. § 1441(a). The court may remand a case to state court, on motion by either party and at any time before final judgment, when the court finds it lacks subject matter jurisdiction over the claims asserted. 28 U.S.C. § 1447(c). Subject matter jurisdiction will be established when there is diversity of citizenship or where a claim arises under federal law. 28 U.S.C. § 1441(c).

The removing party bears the burden to prove that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (C.A. 9. (Nev.), 1992.) Removal based on diversity of citizenship jurisdiction requires establishing the parties' diverse citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. For a suit to be brought in federal court on diversity jurisdiction, complete diversity is required. *TOSCO Corp. v. Communities for a Better Env't*, 236 F.3d 495, 4999 (9th Cir. 2001). Further, "[w]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a

preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

**B.  Background**

Mr. Prasad challenges the foreclosure of his home.  RTSC is the trustee under the deed of trust and Wells Fargo is the purported beneficiary.  Mr. Prasad's complaint alleges that Wells Fargo has not proven a beneficial interest in the subject property and therefore both it and RTSC lack the legal authority to foreclose on the property.  Dkt. # 1, Ex. A, ¶¶ 3.10-3.12.   The complaint seeks a "temporary or permanent injunction against both defendants"; a "declaration or determination of the parties' rights with relation to the subject property"; to quiet title, an award of attorney's fees, and other unspecified relief.   *Id.* at ¶¶ 4.1-4.5.

**C.  Analysis**

1. <u>Complete Diversity</u>

The Ninth Circuit has held that a nominal defendant is "a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute.'" *S.E.C. v. Colello,* 139 F.3d 674, 676 (9th Cir.1998) (quoting *S.E.C. v. Cherif,* 933 F.2d 403, 414 (7th Cir.1991)). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection.' " *Id.* (quoting *Cherif,* 933 F.2d at 414).  A nominal defendant's relation to an action is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed [s]." *Bacon v. Rives,* 106 U.S. 99, 104, 1 S.Ct. 3, 6, 27 L.Ed. 69. "Because of the non-interested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established." *Farmers' Bank v . Hayes,* 58 F.2d 34, 36 (6th Cir.1932).  *Cherif*, 933 F.2d at 414.  *See also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or

formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.") (citing 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3606, at 409 & n. 2 (2d ed.1984)).

Here, Wells Fargo argues that even though RTSC is a Washington citizen, it is merely a nominal defendant and its citizenship should be ignored for the purposes of establishing diversity jurisdiction. Most courts that have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging the foreclosure or threatened foreclosure of property have taken the position advanced by Wells Fargo. *See Andersen v. Homecomings Financial, LLC*, 2011 WL 2470509, at *4 -5 (D.Utah June 20, 2011) ("[T]he Court finds that Woodall, as a trustee joined as a party merely because he occupies the position pursuant to a deed of trust, is a nominal party."); *Sherman v. Wells Fargo Bank, N.A.*, 2011 WL 1833090, at *2 -3 (E.D.Cal. May 12, 2011) ("In light of a trustee's limited contractual duties under state law and the trustee's limited involvement as alleged in the complaint, the court finds that Cal–Western was fraudulently joined for diversity purposes."); *Sones v. Simmons*, 2006 WL 2805325, at *1 -2 (S.D.Miss. Sept. 25, 2006); ("It is clear that McKay has no stake in the litigation. He is the substituted trustee…This Court finds that Robert McKay as substituted trustee is a nominal party and is not considered for purposes of diversity."); *Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, 2010 WL 502698, at *1 -2 (S.D.Miss. Sept. 25, 2010); *Dempsey v. Transouth Mort. Corp.*, 88 F.Supp.2d 482, 484 -485 (W.D.N.C. 1999).

Further, instances in which courts have held that a trustee under a deed of trust is not a nominal defendant have involved complaints wherein plaintiffs asserted causes of actions directly against the trustee. For example, in *Silva v. Wells Fargo Bank NA*, the Court

acknowledged that "the trustee on a deed of trust is often a nominal party." 2011 WL 2437514, at *5 (C.D.Cal. June 16, 2011). However, because the plaintiff's complaint asserted claims against the trustee, including money for damages to their credit rating and home value, emotional damages, and physical distress, the trustee was alleged to have included false statements in an otherwise defective Notice of Default, and the trustee was purportedly not actually the trustee authorized to initiate non-judicial foreclosure proceedings, the defendants did not meet their burden of proving that the trustee was a nominal party. *Id.* Similarly, in *Couture v. Wells Fargo Bank, N.A.*, the trustee was held to be more than a nominal defendant because the complaint made substantive allegations and asserted claims for money damages against the trustee. 2011 WL 3489955, at *3 (S.D.Cal. Aug. 9, 2011). *See also Larocque v. BAC Home Loans Servicing*, 2011 WL 46363, at *2 (M.D.Tenn. Jan. 6, 2011) (trustee not a nominal defendant where "Plaintiffs have set forth real and substantial allegations against [the trustee]"); *Payne v. Bank of America, N.A..* 2010 WL 546770, at *7 (W.D.Va. Feb. 11, 2010) (holding the trustee was not a nominal defendant and citing "significant factual allegations made specifically against [the trustee], as contrasted with the single allegation of citizenship in *Dempsey* [88 F.Supp.2d at 484 - 485]).

In Washington, "[t]he trustee holds an interest in the title of the grantor's property on behalf of the lender." *Vawter v. Quality Loan Serv. Corp.,* 707 F. Supp. 2d 1115, 1121 (W.D. Wash. 2010). "In the event the borrower defaults on his or her debt or other obligation, the beneficiary may direct the trustee to foreclose pursuant to a nonjudicial trustee's sale." *Id.* The trustee is "an agent acting under a power of sale" and has "no powers except those conferred upon him by the deed of trust." *McPherson v. Pursdue,* 21 Wn. App. 450 (1978) (internal citation omitted). "He is agent for both parties, the owner and lienor, under duties to them." *Id.*

In short, in Washington, as in other states, unless a plaintiff has made substantive allegations against the trustee, the trustee under a deed of trust is neutral with respect to the plaintiff and defendant and has no interest in the outcome of a lawsuit such as the one at bar. Under these circumstances, the Court must treat the trustee as a nominal defendant. *See Bacon,* 106 U.S. at 104 ("[I]t is of no moment [to a nominal defendant] whether the one or the other side in [the] controversy succeed [s]").

Here, Mr. Prasad's only allegations against RTSC is that it "listed plaintiff's subject property for May 27, 2011 foreclosure," and that it and Wells Fargo "lack any legal power to forseclosure [sic] on plaintiff's subject property and … act[s] as [an] impostor[]." Dkt. # 1, Ex. A, ¶¶ 3.11-3.12. Thus, Mr. Prasad's allegation is merely that RTSC carried out its duties under the deed of trust. RTSC has no interest in the outcome of this litigation, which at base concerns whether Wells Fargo is the true beneficiary of the promissory note. *See id.* at ¶ 3.10. Accordingly, RTSC is a nominal defendant. As such, its citizenship is not considered for the purpose of establishing diversity jurisdiction. *See Prudential Real Estate,* 204 F.3d at 873. Since Mr. Prasad and Wells Fargo are citizens of different states, diversity jurisdiction is not lacking for want of complete diversity.

2. Amount in Controversy

To establish diversity jurisdiction, a defendant must show an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977)). Here, the object of the litigation is the real property identified in paragraph 2.2 of Mr. Prasad's complaint. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the $913,800 assessed value of the property

and the trustee's deed showing that the property sold for $820,560.44. Dkt. #21, Exs. A & B. The Court finds that the amount in controversy exceeds $75,000.

Since there is complete diversity between the parties and the amount in controversy exceeds $75,000, Mr. Prasad's Motion to Remand (Dkt. # 12) is hereby DENIED.

### III. CONCLUSION

The Court, having considered Plaintiff's motion, Defendant's response, and Plaintiff's reply, the exhibits and declarations attached thereto, and the remainder of the record, hereby finds and ORDERS:

(1) Plaintiff's Motion to Remand (Dkt. # 12) is DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated September 13, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE