UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIL PRASAD, individually,<br><br>                Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., aka Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., fka Wachovia Mortgage, FSB, fka World Savings Bank, FSB; and REGIONAL TRUSTEE SERVICES CORPORATION, a corporation doing business in Washington,<br><br>                Defendants. | CASE NO. C11-894-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment (Dkt. # 6). Defendant seeks summary judgment dismissing Plaintiff's claim related to the foreclosure of his home and to expunge the *lis pendens* that Plaintiff filed pursuant to RCW 4.28.325 on May 25, 2011. In response to Defendant's motion, Plaintiff argued that summary judgment was inappropriate because factual issues remained regarding discrepancies in the legal documentation associated with Plaintiff's loan.

Specifically, Plaintiff argued that there was no valid indorsement on the face of the promissory note and no proper assignment of the deed of trust from World Savings Bank to Wachovia Savings Bank, F.S.B. and then to Wells Fargo Bank, N.A.  Dkt. No. 13, p. 5.

Following Plaintiff's response to Defendant's summary judgment motion, Plaintiff's counsel and Defendant's counsel agreed to re-note the motion for summary judgment six (6) times to allow the parties to resolve the factual issues identified by Plaintiff.  *See* Dkt. No. 34, ¶3; *see also* Dkt. Nos. 16, 19. 25, 29. 30 & 32.  The parties also agreed that Plaintiff would have the opportunity to file a second opposition to Wells Fargo's motion after Wells Fargo submitted additional information.  *Id.* at ¶4.

In July and August of 2009, Wells Fargo submitted additional information confirming that Wells Fargo had the original promissory note and deed of trust and that Wells Fargo is the successor of the original lender to Plaintiff, World Savings Bank.  *See* Dkt. No. 26 at ¶¶ 6-9.  *See also* Dkt. Nos. 26, 27, & 28.  On October 7, 2011, counsel spoke about Wells Fargo's pending motion for summary judgment.  Plaintiff's counsel advised Defendant's counsel that he had discussed Wells Fargo's motion with Plaintiff and he would not file any opposition to it.  Dkt. No. 34, ¶ 5.  He authorized Defendant's counsel to so advise the Court.  *Id.*  He explained that he would not file anything else because Plaintiff ultimately had no defense to argue.  *Id.*  Wells Fargo's motion for summary judgment was ultimately noted for October 14, 2011.  On that day, Wells Fargo provided the Court with the foregoing information.  Plaintiff has not filed anything in this matter since June 27, 2011 and has not disavowed any of the information provided by Defendant in its reply brief or accompanying declaration.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Plaintiff's complaint is based entirely on the assertion that Defendants lack the "legal power" to foreclose on his home because it does not hold the promissory note or prove a beneficial interest in the deed of trust. Dkt. No. 1, Ex. A, ¶ 3.12. Wells Fargo has provided documentary evidence that it holds both the note and the deed of trust. Dkt. Nos. 26, 27, & 28. Plaintiff has chosen not to raise any additional arguments in response to the evidence produced by Defendants and has represented to Wells Fargo's counsel that Plaintiff will not file additional documents in this matter because he has no defense to argue. Dkt. No. 24, ¶ 5. Because there are no genuine issues as to any material fact, Defendants are entitled to judgment as a matter of law. The motion for summary judgment (Dkt. No. 6) is GRANTED, the action is hereby DISMISSED with prejudice, and the *lis pendens* filed by Plaintiff is hereby expunged pursuant to RCW 4.28.325.

Dated this 6th day of December 2011.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE